The STATE OF IDAHO, Idaho Transportation Department, ex rel. Carl C. Moore, Lloyd F. Barron and Roy I. Stroschein, Idaho Transportation Board, Plaintiffs,

v.

Blaine County, City of Ketchum and City of Hailey, M'Lynn Childers, Joan K. Janoe, John F. Schwartz and Clarise M. Schwartz, husband and wife, and all other individuals and organizations similarly situated, Intervenors.

Civ. No. 83–1473.

United States District Court, D. Idaho.

Sept. 3, 1985.

Duane A. Bybee, Green, Service, Gasser & Kerl, Pocatello, Idaho, for defendants Oregon Short Line R. Co., a Utah corporation, and Union Pacific R. Co., a Utah corporation.

James W. Phillips, Ketchum City Atty., Ketchum, Idaho, for City of Ketchum.

Sandra Shaw, Pros. Atty., Russell G. Pinto, Sp. Deputy Pros. Atty., Hailey, Idaho, for City of Hailey and Blaine County, Idaho.

John C. Ward and Brian R. Hanson, Holland & Hart, Langroise, Sullivan & Smylie, Boise, Idaho, for M'Lynn Childers, Joan K. Janoe, John F. Schwartz, husband and wife.

Robert L. Trabert, Chief Legal Counsel, Patrick W. Fanning, Leonard G. Hill, Attys., Idaho Transp. Dept., Boise, Idaho, for plaintiffs State of Idaho, Idaho Transp. Dept. ex rel, Carl C. Moore, Lloyd F. Barron and Roy I. Stroschein, Idaho Transp. Bd.

## MEMORANDUM DECISION

CALLISTER, Chief Judge.

Before the Court is plaintiff State of Idaho's "Motion Relative to 43 U.S.C. § 913 and 23 U.S.C. § 316." The Court has reviewed the memoranda submitted by the parties as well as all other matters on file in the case.

In its motion, the plaintiff seeks a declaration as to whether 23 U.S.C. § 316 takes precedence over 43 U.S.C. § 913. This Court declares that it does.

Title 43 U.S.C. § 913 was enacted May 25, 1920, and was entitled "An Act Authorizing Certain Railroad Companies or Their Successors in Interest, to Convey for Public Road Purposes Certain Parts of Their Rights-of-Way." 41 STAT. 621 (1920). This Act allowed railroads to convey portions of their rights-of-way but limited such conveyances, providing that they could not diminish the right-of-way to less than fifty feet on either side of the center line of the right-of-way. Section 913 reads:

All railroad companies to which grants for rights-of-way through the public lands have been made by Congress, or their successors in interest or assigns, are hereby authorized to convey to any state, or municipality any portion of such right-of-way to be used as a public highway or street: provided, that no such conveyance shall have the effect to diminish the right-of-way of such railroad company to a less width than fifty feet on each side of the center of the main track of the railroad as now established and maintained.

Title 23 U.S.C. § 316 reads as follows:

For the purposes of this title [23 U.S.C. §§ 101 et seq.] the consent of the United States is given to any railroad or canal company to convey to the state highway department of any state, or its nominee, *any part of its right-of-way* or other property in that state acquired by grant from the United States.

(emphasis added).

Section 316 was originally part of the Federal Highway Act, enacted November 9, 1921. *See* 42 STAT. 212, ch. 119 at § 16. Section 26 of that same Act states:

That all acts or parts of acts in any way inconsistent with the provisions of this act are hereby repealed, and this act shall take effect on its passage.

42 STAT. 212, ch. 119 at § 26.

The Court finds, and hereby DECLARES, that 43 U.S.C. § 913, to the extent that it limits conveyances of railroad rights-of-way, was repealed by the Federal Highway Act, particularly by that portion of the Act now codified as 23 U.S.C. § 316.

The Court's previous memorandum decision and order, each dated May 1, 1985, and the memorandum decision and partial declaratory judgment, each dated July 1, 1985, shall be incorporated into the declaratory judgment in connection with this memorandum decision. The present memorandum decision and declaratory judgment shall constitute the final judgment in this case for all purposes, including appeal.